FILED

DEC 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

ROBERT SOLOMON
519 68th Place,
Seat Pleasant, Maryland 20743

        Plaintiff,

v.

Office of the Architect of the Capitol
United States Capitol Building
Washington, D.C.

Serve:
    ALAN HANTMAN
    Architect of the Capitol
    Office of the Architect of the Capitol
    Washington, D. C.
    (in his official capacity)

and

ALAN HANTMAN
Architect of the Capitol
Office of the Architect of the Capitol
Washington, D. C.
    (in his personal capacity)

and

RICHARD MCSEVENEY
Address Unknown, Virginia
    (in his personal capacity)

and

REBECCA TISCIONE
Director of Human Resources Management Division
Office of Architect of the Capitol
Address Unknown, Maryland
    (in her personal capacity)
and

Civil Action No.

CASE NUMBER 1:06CV02214

JUDGE: Royce C. Lamberth

DECK TYPE: General Civil

DATE STAMP: 12/27/2006

GERAND WALKER
Address Unknown, Maryland
    (in his personal capacity)

and

EDGARD MARTINEZ
Office of General Counsel
Office of the Architect of the Capitol
    (in his personal capacity)

and

MICHAEL MARINACCIO
Director of United States Senate Restaurants
Office of the Architect of the Capitol
Washington, D. C.
    (in his personal capacity)

and

ROBERT SAVIDGE
General Manager of the
    United States Senate Restaurants, Capitol Division
Office of the Architect of the Capitol
Washington, D. C.
    (in his personal capacity)

        Defendants.

## COMPLAINT AND JURY DEMAND

    COMES NOW the Plaintiff, Robert Solomon, and for his complaint against the Defendants, shows this Court the following:

## NATURE OF THE ACTION

    1. This is an action based on the discharge of Plaintiff from his employment and due process Fifth Amendment property interest in employment with Defendant Office of the Architect of the Capitol, "Defendant AOC," in violation of Plaintiff's substantive and procedural due process rights and entitlements under the "Architect of the Capitol's Personnel Manual Chapter 752 - Discipline,"

"Chapter 752," and the Fifth Amendment to the Constitution of the United States as determined by the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91 (D.D.C, 1999).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to the due process violations of the Fifth Amendment; 28 U.S.C. 1331 and 28 U.S.C. 1332(a)(i).

3. At all times relevant hereto, the events and occurrences that are the subject of this action took place in the District of Columbia. Venue is based on 28 U.S.C. 1391(b).

4. Plaintiff files this Complaint within three years of receipt on December 30, 2003, of the December 22, 2003 notice of his discharge from his employment and his due process Fifth Amendment property interest in employment with Defendant AOC effective December 29, 2003.

## PARTIES

5. Defendant Office of the Architect of the Capitol, "Defendant AOC," is an instrumentality of the United States Congress.

6. The Plaintiff, at all times pertinent hereto, was an employee of Defendant Office of the Architect of the Capitol; from July, 1986 to December 29, 2003.

7. Plaintiff, at time of discharge, was an RW-5 Grill Cook in the Baby Gourmet; a snack bar in the United State Senate Restaurants, Capitol Division.

8. Defendant Alan Hantman, as Architect of the Capitol, has sole authority to promulgate statutory regulations providing for the disciplining and discharging of employees from their employment and due process Fifth Amendment property interest in employment with Defendant AOC pursuant to 2 U.S.C. 1831(b)(2); 2 U.S.C. 1831(c)(2)(F); 2 U.S.C. 1831(d); and, 2 U.S.C. 60-1(a) and (b).

9. Defendant Richard McSeveney, at all times pertinent hereto, as the Chief Operating

Officer of Defendant AOC, discharged Plaintiff from his employment and due process Fifth Amendment property interest in employment with Defendant AOC effective December 29, 2003, pursuant to his December 22, 2003 letter to Plaintiff which was not received by Plaintiff until December 30, 2003.

10. Defendant Rebecca Tiscione, at all times pertinent hereto, as Director of Human Resources Management Division of Defendant AOC, was the administrative officer charged with overseeing the administrative process invoked to discharge the Plaintiff from his employment and his due process Fifth Amendment property interest in employment.

11. Defendant Gerand Walker, at all times pertinent hereto, as an Employment Specialist in Defendant AOC, represented Defendant AOC at the administrative hearing conducted pursuant to the August 6, 2003 Proposal to Terminate the Plaintiff from his employment and due process Fifth Amendment property interest in employment with Defendant AOC.

12. Defendant Edgard Martinez, at all times pertinent hereto, as an attorney in the Office of General Counsel of Defendant AOC, represented Defendant AOC at the administrative hearing conducted pursuant to the August 6, 2003 Proposal to Terminate the Plaintiff from his employment and due process Fifth Amendment property interest in employment with Defendant AOC.

13. Defendant Robert Savidge, at all times pertinent hereto, as General Manager of the United States Senate Restaurants, Capitol Division, a division of the Defendant AOC was Plaintiff's first line supervisor and by his August 6, 2003 letter proposed the discharge of Plaintiff from his employment and his due process Fifth Amendment property interest in employment with the Defendant AOC.

14. Defendant Michael Marinaccio, at all times pertinent hereto, as Director of United States Senate Restaurants, a division of the Defendant AOC and Plaintiff's second line supervisor by his

September 15, 2003 letter concurring in the August 6, 2003 Proposal to Terminate the Plaintiff from his employment and due process Fifth Amendment property interest in employment with the Defendant AOC.

**STATUTORY, REGULATORY AND CASE LAW PERTINENT HERETO**

15. In 1994 Congress duly enacted the Architect of the Capitol's Human Resources Act, 2 U.S.C. 1831, formerly 40 U.S.C. 166b-7.

16. Defendant AOC, pursuant to Paragraph 2 U.S.C. 1831(b)(1), was mandated to develop human resources management programs that are consistent with the practices common among other Federal and private sector organizations.

17. The Architect of the Capitol, pursuant to 2 U.S.C. 1831(b)(2) and as Architect of the Capitol, was solely mandated to establish and maintain a personnel management system, statutory regulations, that incorporated fundamental principles that exist in other modern personnel systems.

18. George White, former Architect of the Capitol, pursuant to the Congressional mandate in 2 U.S.C. 1831(b)(1), 2 U.S.C. 1831(b)(2) and 2 U.S.C. 1831(c)(2)(F) duly promulgated a uniform and progressive discipline policy, statutory regulations, identified as the "Architect of the Capitol's Personnel Manual Chapter 752 - Discipline," "Chapter 752."

19. Said uniform statutory regulations, Chapter 752, were patterned after and consistent with the due process Fifth Amendment property interest established for employees of the Executive Branch of the Federal Government set forth in 5 U.S.C. Chapter 75 and 5 CFR Chapter 750, respectively.

20. Former Architect White, pursuant to the mandatory enactment procedures set forth in 2 U.S.C. 1831(d), provided the Speaker of the House and the Senate Rules Committee with a copy of said Chapter 752 statutory disciplinary regulations.

21. The District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) determined that the provisions in said Chapter 752 as hereinafter set forth provided an employee with a due process Fifth Amendment property interest in employment: "notice of the charges" and "an opportunity to be heard" on said charges including the employee's answer to the charges; management's concurrence in the charges; an administrative hearing on the charges pursuant to the "preponderance of evidence" as the standard of proof and the "burden of proof" with the Defendant AOC; and, a decision of the hearing officer based on the evidence; and, a copy of the decision of the hearing officer provided to the "charged" employee.

22. The same statutory regulations tht were in effect and ruled upon by the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) were in effect with regard to the August 6, 2003 Proposal to Terminate the Plaintiff and the administrative hearing conducted pursuant to said August 6, 2003 Proposal to Terminate the Plaintiff from his employment and from his due process Fifth Amendment property interest in employment with Defendant AOC.

## FACTUAL BACKGROUND OF THE INSTANT ACTION

23. Plaintiff, as a result of illness, was absent from the workplace on June 9, 2003, June 10, 2003 and June 11, 2003.

24. Plaintiff had a positive sick leave balance on June 9, 2003, June 10, 2003 and June 11, 2003.

25. Plaintiff, on said dates of June 9, 2003, June 10, 2003 and June 11, 2003, was not on leave restriction.

26. Plaintiff, pursuant to and in accordance with the uniform administrative requirements, terms, conditions and privileges of employment set forth in the "Architect of the Capitol's Interim Personnel Manual Chapter 630-I, Absence and Leave" policy, "Chapter 630-1," provided

Respondent with appropriate documentation and certification for his absence from the workplace on June 9, 2003, June 10, 2003 and June 11, 2003 in accord with the statutory regulations set forth in Chapter 630-1.

27. On June 16, 2003, Plaintiff met with his first line supervisor Mr. Robert J. Savidge, Manager, Capitol Building, United States Senate Restaurants, to obtain approval for his absences from the workplace on June 9, 2003, June 10, 2003 and June 11, 2003.

28. Plaintiff, absent the approval of Manager Savidge, would be placed in an AWOL status for his absences from the workplace on June 9, 2003, June 10, 2003 and June 11, 2003; a status subjecting Plaintiff to disciplinary action.

29. Plaintiff was advised by Manager Savidge that administrative documentation and certification provided by Plaintiff in compliance with administrative requirements, terms, conditions and privileges of employment set forth in Chapter 630-1 was insufficient.

30. Manager Savidge, in violation of the terms, conditions and privileges of employment set forth in Chapter 630-1, demanded Plaintiff additionally provide a medical diagnosis for Plaintiff's absence from the workplace on June 9, 2003, June 10, 2003 and June 11, 2003.

31. Manager Savidge's additional demand for a medical diagnosis violated the terms, conditions and privileges of Plaintiff's employment set forth in Chapter 630-1.

32. Plaintiff vigorously protested Manager Savidge's additional demand for a medical diagnosis for Plaintiff's absences for June 9, 2003, June 10, 2003 and June 11, 2003 in violation of the terms, conditions and privileges of Plaintiff's employment set forth in Chapter 630-1.

33. Manager Savidge refused to accept Plaintiff's compliance with the administrative requirements, terms and conditions and privileges set forth in Chapter 630-1 and would not approve the certification provided by Plaintiff in accordance with said Chapter 630-1.

34. Plaintiff was placed in an AWOL status for his absence from the workplace on said dates of June 9, 2003, June 10, 2003 and June 11, 2003.

35. Plaintiff, by June 16, 2003 letter of Rebecca Tiscione, Director, Human Resources Management Division of Defendant AOC, was placed on "administrative leave pending the outcome of an investigation concerning your involvement in an incident which occurred on June 16, 2003, in the office of Mr. Robert Savidge, Manager, Capitol Building, or such time as you may receive notice to return to work."

36. Plaintiff thereafter, to remove his placement in an AWOL for his absences on June 9, 2003, June 10, 2003 and June 11, 2003, acceded to the illegal additional demands and conditions set by Manager Savidge and provided Manager Savidge with a medical diagnosis for his absences on June 9, 2003, June 10, 2003 and June 11, 2003 in violation of the administrative requirements, terms and conditions and privileges set forth in Chapter 630-1.

37. Respondent, by letter of August 6, 2003, Proposed the Termination of Plaintiff from his employment and from his due process Fifth Amendment property interest in employment pursuant to the uniform, due process and progressive discipline policy identified as the "Architect of the Capitol's Personnel Manual Chapter 752 - Discipline," "Chapter 752."

38. The basis of the Proposal to Terminate of August 6, 2003, was "exhibiting hostile and threatening behavior in the workplace. This conduct violates Sections 5.0 and 5.1 of the Office of the Architect policy, "Standards of Conduct," dated May 11, 1989, and the Architect of the Capitol's memorandum dated March 19, 1996, entitled "Violence in the Work Place."

39. Plaintiff, by letter of August 20, 2003 to Michael Marinaccio, Director of Food Services, United States Senate Restaurants, responded to the August 6, 2003, Proposal to Terminate.

40. Mr. Marinaccio, by letter of September 15, 2003, concurred with the Proposal to

Terminate Plaintiff.

41. Plaintiff requested an administrative hearing pursuant to said Chapter 752.

42. Defendant Walker provided Plaintiff with a "booklet" of rules written by an unidentified source which advised Plaintiff that he was not entitled to and would not be provided a copy of the decision of the Hearing Officer; violation of the procedural and substantive Chapter 752 due process guarantees of "notice" and "opportunity to be heard" set forth in said uniform, progressive statutory regulations determined by the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) as providing a Fifth Amendment due process property interest in employment.

43. Said "booklet" and the alleged "rules" contained therein respecting said Chapter 752 and the administrative hearing to be conducted pursuant to said Chapter 752 was not duly promulgated in accordance with the mandates established for the promulgation of the uniform statutory regulations provided in 2 U.S.C. 1831(b)(1), 2 U.S.C. 1831(b)(2), 2 U.S.C. 1831(c)(2)(F) and 2 U.S.C. 1831(d).

44. Said "booklet" and the alleged "rule" therein depriving Plaintiff of a copy of the Hearing Officer's decision deprived Plaintiff of his guarantee to due process entitlement to a "notice" and "opportunity to be heard" as defined by and established in said Chapter 752 pursuant to which the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) had determined Plaintiff had a due process Fifth Amendment property interest in his employment with Defendant AOC.

45. A Hearing was conducted pursuant to the due process and progressive discipline policy identified as the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline.

46. Plaintiff and his counsel were advised by the Hearing Officer at his Chapter 752 disciplinary hearing that Defendant Office of the Architect of the Capitol had the burden of proof

and that the "preponderance of evidence" was the standard of proof and that Defendant Office of the Architect of the Capitol had the burden of proof.

47. Plaintiff asked for and was refused a copy of the Hearing Officer's decision made pursuant to the hearing conducted on the August 6, 2003 Proposal to Terminate Plaintiff.

48. Plaintiff, by letter of December 22, 2003 of Chief Operating Officer McSeveney, received by Plaintiff on December 30, 2003, was terminated effective December 29, 2003, from his due process property interest in employment Defendant AOC.

49. Plaintiff engaged the assistance of Senator Mikulski to obtain a copy of the Hearing Officer's decision pursuant to the Chapter 752 disciplinary hearing and Defendant Hantman refused to provide Senator Mikulski with a copy of said Hearing Officer's decision.

50. There is no constitutional, statutory, regulatory or common law privilege in law depriving Plaintiff of the decision of the Hearing Officer.

51. There is no statute or duly promulgated regulation establishing a "confidentiality" in the decision of the Hearing Officer.

52. Plaintiff learned, approximately two years later, that an unidentified source in violation of 2 U.S.C. 1831(b)(1), 2 U.S.C. 1831(b)(2), 2 U.S.C. 1831(c)(2)(F) and 2 U.S.C. 1831(d), substituted the standard of "substantial evidence" for the "preponderance of evidence" standard identified to the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999).

53. Plaintiff learned, approximately a little over two years later that the Hearing Officer discredited the testimony of General Manager Savidge and did not, by a "preponderance of evidence," sustain the charges set forth in the August 6, 2003 Proposal to Terminate Plaintiff from his employment and from his due process Fifth Amendment property interest in employment.

## COUNT I

54. Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 53 as though fully set forth herein.

55. Defendant AOC and Defendants, served in their personal capacity, intentionally violated the procedural and substantive due process rights and entitlements guaranteed to Plaintiff in said Chapter 752 and the Fifth Amendment of the Constitution of the United States as determined by the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999).

56. The effect of the Defendants' violation of the procedural and substantive due process right and entitlements of Chapter 752 and the Fifth Amendment of the Constitution of the United States as determined by the District Court in *Vanover v. Alan Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) was to unconstitutionally deprive Plaintiff of his employment with Defendant AOC and his due process Fifth Amendment property interest in employment with Defendant AOC.

57. As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

WHEREFORE, Plaintiff the demands the Court for:

1. Judgment against all defendants jointly and severally for depriving Plaintiff of his procedural and substantive due process rights and entitlements guaranteed under Chapter 752 and the Fifth Amendment to the Constitution of the United States as determined by the District Court in *Vanover v. Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999)

2. Compensatory damages for pain and suffering, humiliation and embarrassment, other pecuniary and non-pecuniary losses and damages for lost promotional opportunities and wages he would have received but for Defendants' unconstitutional actions in an amount yet to be determined

against Defendants together with fees, costs, attorney's fees and such other relief as the Court may deem appropriate.

3. Punitive damages in the amount of $10,000,000.00 (Ten Million Dollars) against Defendants served in their personal capacity.

4. For such further relief as the court deems just and proper.

<u>JURY TRIAL DEMANDED</u>

Plaintiff requests a jury demand.

Respectfully submitted,

Jeffrey H. Leib, #89649
5104 34th Street, N.W.
Washington, D. C. 20008
(202) 362 - 0682
(202) 244 - 1120

December 27, 2006

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Robert Solomon

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Prince Georges Md.

## DEFENDANTS
Office of the Architect of the Capitol.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey H. Leib    202-362-0682
5104 34th St. NW   202-244-1120
Washington DC 20008

ATTORNEYS

CASE NUMBER  1:06CV02214
JUDGE: Royce C. Lamberth
DECK TYPE: General Civil
DATE STAMP: 12/27/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)  Md, Va.

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(10)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1331 ; Constitutional violation ;

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 10,000,000.00    Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 12/27/06    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd