**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT SOLOMON )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OFFICE OF THE ARCHITECT OF )<br>THE CAPITOL, et. al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-2214 (RCL) |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, Office of the Architect of the Capitol ("AOC"), et. al., through counsel, respectfully submit this reply in support of their motion to dismiss the complaint.

**INTRODUCTION**

Plaintiff is a former employee of the Office of the Architect of the Capitol who was terminated for, among other reasons, "exhibiting hostile and threatening behavior in the workplace." Compl. ¶ 38. Plaintiff requested and received an administrative hearing prior to his termination. Compl. ¶¶ 41, 45. In the instant action, Plaintiff alleges that his due process rights were violated and that the Defendants failed to comply with "the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, ("Chapter 752'") when he was denied a copy of the report and recommendation of the hearing officer who was present at his hearing. See Compl. ¶ 1. The Plaintiff, however, obtained constitutional due process by receiving both notice and a hearing concerning the reasons for his termination. Furthermore, Chapter 752 does not provide for an employee to receive a copy of the hearing officer's report, therefore the individual defendants did not violate Chapter 752 but rather complied with agency policy.

**ARGUMENT**

**I.      Plaintiff does not state a due process claim**

Plaintiff is not entitled to bring a due process violations suit against several AOC employees and recover damages under Vanover v. Hantman, et. al., 77 F. Supp.2d 91 (D.D.C. 1999). Compl. ¶ 1. Congress has not expressly provided a cause of action for the alleged constitutional due process violation. Both this Court and the Supreme Court, however, have consistently refused to extend Bivens remedies into new areas where Congress has already established a statutory mechanism for addressing the relevant problem. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 68 (2001); Spagnola v. Mathis, 859 F.2d 223 (D.C. Cir. 1988) (en banc). In Vanover v. Hantmann, 77 F. Supp.2d 91 (D.D.C. 1999), the Plaintiff claimed that the Architect of the Capitol deprived him of property without due process of law in violation of the Fifth Amendment. The Court decided that because the claim must be dismissed on the merits, "there [was] no need to address whether plaintiff's claim is precluded by a comprehensive system of remedies." 77 F. Supp.2d at 101. Moreover, the Court stated that "[w]ith regard to the preclusive effect of a comprehensive system of remedies . . . . [i]t is established, however, that under this theory, a constitutional claim is precluded insofar as it seeks damages." Vanover, 77 F. Supp.2d at 101, fn. 6.

**II.     Plaintiff received constitutionally adequate procedural due process**

For an administrative process to be constitutionally adequate, it must include notice and "some form of hearing." See Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982); Vanover v. Hantman, 77 F. Supp.2d at 104. Even assuming that Plaintiff had a property interest

in his employment with the Architect of the Capitol,[1] constitutionally adequate due process would have required notice, an explanation for the grounds for termination and a hearing allowing plaintiff to challenge the grounds of his termination before being terminated. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 546 (1985); Vanover v. Hantman, 77 F. Supp.2d at 104.  In his opposition, the Plaintiff admits that he "was provided with adequate notice" and "a hearing at which he was represented by counsel and had opportunity to confront the witnesses against him." Opp., p.13.  Therefore, by receiving notice and a hearing, the Plaintiff obtained constitutionally adequate due process.

### III. Due process does not require that a plaintiff receive a copy of the hearing officer's report and recommendation

Chapter 752 of the Architect of the Capitol's Personnel Manual provides the procedure for the termination of an employee.  If an employee requests a hearing regarding a proposed termination, the employee will be provided one before a third party hearing officer who will hear testimony and other evidence.  See Chapter 752, Appendix B.1.7.  After a hearing, the hearing officer makes a report and recommendation and provides it to the Architect as part of the materials to be reviewed by the Architect in making the final determination.  See Chapter 752, Appendix C-4.10.

Plaintiff argues that by not receiving a copy of the hearing officer's report and

---

[1] There is a diversity of views among this Court's Judges as to whether any such property interest exists in employment within the Office of the Architect of the Capitol. Compare Commercee v. Hantman, Civil Action No. 97-0242 (TFH), 1999 WL 1611325 at *5 (D.D.C. Oct. 29, 1999) (Employees within the Office of the Architect of the Capitol are designated by statute to be part of the Excepted Service and are therefore subject to dismissal without cause, prior notice, a termination hearing or an opportunity to appeal), aff'd No. 00-5308, 2001 WL 1610062 (D.C. Cir. Nov. 21, 2001); with Vanover v. Hantman, 77 F. Supp. 2d. 91, 104-108 (D.D.C. 1999) aff'd mem. No. 01-5032, 2002 WL 1359630 (D.C. Cir. April 17, 2002) (expressing contrary view).

recommendation that he was deprived "of his guarantee to due process entitlement to notice and opportunity to be heard." Compl. ¶ 42.  The right to receive a copy of the hearing officer's report, however, is "not [an] essential ingredient of procedural due process and a fair hearing" and is simply not required for constitutionally adequate procedural due process.  Peoria Braumeister Co. V. Yellowley, 123 F.2d 637, 639 (7th Cir. 1941); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 546 (1985) ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."); Vanover v. Hantman, 77 F. Supp.2d 91, 104 (D.D.C. 1999) ("With regard to a termination of a protected interest in employment, due process requires a notice and a pretermination hearing allowing the employee to challenge the grounds of the termination.").

In Toms v. Hantman, Civ. No. 05-1981, slip op (D.D.C. 2007) the District Court for the District of Columbia found that a hearing officer's report is not required for constitutionally adequate procedural due process.  The court determined that a former employee of the Architect of the Capitol received adequate due process despite not having seen the hearing officer's report. Toms, slip op. at 9.  Like here, the plaintiff in Toms, obtained constitutionally adequate due process because he received notice of the charges against him and was afforded an administrative hearing.

Plaintiff cites the New Jersey state court in the now dated, pre Loudermill opinion, Mazza v. Cavicchia, 15 N.J. 498, 105 A.2d 545 (1954), for proposition opposite to that of our District Court of Columbia in Toms.  Other courts have also ruled contrary to the position in Mazza.  See e.g., Peoria Braumeister Co. V. Yellowley, 123 F.2d 637 (7th Cir. 1941); Elite Dairy Products v. Ten Eyck, 3 N.E.2d 606 (N.Y. 1936); Radaca v. U.S. Smelting, Refining & Min.

7

Co., 158 P.2d 540 (Ariz. 1945); but cf. Gonzalez v. US: 348 US 407 (1955).[2]

The Mazza decision is contrary to the well settled principle that litigants are not entitled to compel disclosure of a judge's or agency's pre-decisional deliberative process. See, e.g., Fayerweather v. Ritch, 195 U.S. 276, 306-308 (1904); Chicago, Burlington & Quincy Ry. v. Babcock, 204 U.S. 585, 593 (1907). See also In re Cook, 49 F.3d 263, 265-266 (7th Cir. 1995) (" federal judges speak through their opinions"; " [i]nquiry beneath the surface of a judge's opinion is forbidden" ); Goetz v. Crosson, 41 F.3d 800, 805 (2d Cir. 1994), *cert. denied*, 516 U.S. 821 (1995) ("[t]he inner workings of administrative decision making processes are almost never subject to discovery.  Clearly, the inner workings of decision making by courts are kept in even greater confidence."); United States v. Crouch, 566 F.2d 1311, 1316 (5th Cir. 1978) (same).

This Court reaffirmed that principle in United States v. Morgan, 313 U.S. 409, 417-422 (1941) (Morgan IV), which involved a challenge to a rate determination by the Secretary of Agriculture.  In the district court, the Secretary had been deposed and made to explain " the process by which he reached the conclusions of his order" so that the court could evaluate whether the Secretary had conducted a fair hearing.  Id. at 422.  In affirming the Secretary's determination, this Court held that "the Secretary should never have been subjected to this

---

[2] In addition, in the analogous circumstance in which a case that has been tried by one judge of the Tax Court is then reviewed by the full Tax Court and the "original" opinion of the judge who presided at trial is excluded from the record, the courts of appeals have rejected the contention that these procedures contravene due process. Estate of Varian v. Commissioner, 396 F.2d 753 (9th Cir.), *cert. denied*, 393 U.S. 962 (1968); Heim v. Commissioner, 251 F.2d 44 (8th Cir. 1958); see Towers v. Commissioner, 247 F.2d 233 (2d Cir. 1957), *cert. denied*, 355 U.S. 914 (1958); Halle v. Commissioner, 175 F.2d 500, 504 (2d Cir. 1949), *cert. denied*, 338 U.S. 949 (1950); Seaside Improvement Co. v. Commissioner, 105 F.2d 990, 992 (2d Cir.), *cert. denied*, 308 U.S. 618 (1939).  In Ballard v. Commissioner of Internal Revenue, 544 U.S. 40, 64 (2005), the Supreme Court declined to decide whether "the Due Process Clause requires disclosure of a trial judge's factfindings that have operative weight in a court's final decision."

examination." Id. The Court explained, "it [is] not the function of the court to probe the mental processes" of administrative or judicial decisional authorities. Id. Rather, "[s]uch an examination of a judge would be destructive of judicial responsibility. Just as a judge cannot be subjected to such a scrutiny; so the integrity of the administrative process must be equally respected." Id. (internal citations omitted).

Accordingly, constitutional due process did not require that Plaintiff receive a copy of the hearing officer's report and recommendation. Plaintiff received adequate due process by obtaining notice and a hearing.

## IV. Chapter 752 does not require that a plaintiff receive a copy of the Hearing Officer's report and recommendation

Notably, Plaintiff does not specify any regulation under Chapter 752 which states that employees are to receive the hearing officers' reports and recommendations. Instead, Plaintiff vaguely refers to an unauthorized "statement" as the alleged basis for why he did not receive the hearing officer's report and recommendation. The statement, attached to Plaintiff's Opposition as exhibit 10 is a booklet titled "A Guide for Employees" and concerns the administrative hearings for proposed disciplinary actions. The booklet accurately reflects Chapter 752, which in fact, does not require that the hearing officer's report and recommendation be given to the Plaintiff. See Chapter 752, Appendix C-4.10; Plt. Opp., Exhibit 10, p. 10.

## V. The individual defendants are entitled to qualified immunity

Plaintiff argues that the individual defendants violated his due process rights when he was denied a copy of the hearing officer's report. Qualified immunity protects government officials from personal liability for the exercise of their discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

9

reasonable person would have known." <u>Butera v. District of Columbia</u>, 235 F.3d 637, 645-46 (D.C. Cir. 2001) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Conversely, an official is not shielded from liability where he "could be expected to know that certain conduct would violate statutory or constitutional rights." <u>See</u> <u>Farmer v. Moritsugu</u>, 163 F.3d 610, 613 (D.C. Cir. 1998); <u>accord</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-32 (1991) (A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is "clearly established" at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all).

As discussed above, Plaintiff obtained adequate due process by receiving both notice and a hearing. <u>See</u> <u>Cleveland Bd. Of Educ.</u>, 470 U.S. at 546 ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."). Thus, each of the individual defendants are entitled to qualified immunity as Plaintiff has not stated a claim for a violation of a constitutional right.[3] Moreover, even if a constitutional right was violated (which it was not) the individual defendants are still entitled to qualified immunity because any such constitutional right was not clearly established. Chapter 752 does not clearly (or vaguely) require that the report and recommendation be provided to Plaintiff, nor does Plaintiff cite to any case, Circuit Court or District Court, clearly requiring as much. Thus, the individual defendants are entitled to

---

[3] The Plaintiff incorrectly concludes that the individual defendants were acting outside of the scope of their authority because the U.S. Attorney has not certified that the Defendants were acting within the scope of their employment. In this <u>Bivens</u> case, it is unnecessary for the U.S. Attorney to provide such a certification. Such certifications are necessary only when common law tort violations have been alleged. 28 U.S.C. 2679(d)(1). Furthermore, because Chapter 752 does not specify that an employee receive a copy of the hearing officer's report, the allegation that the individual defendants violated Chapter 752 by denying Plaintiff a copy of the report is not only without merit, but indicates that the individual defendants were indeed acting within their scope of employment.

10

qualified immunity and claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully submit that the above civil action should be dismissed.

August 31, 2007                              Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153