UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SOLOMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2214 (RCL) |
| ) | |
| OFFICE OF THE ARCHITECT OF ) | |
| THE CAPITOL, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendants' motion [6] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon full consideration of the motion, plaintiff's opposition, the reply, and applicable law, the Court will GRANT the motion to dismiss.

**I.    BACKGROUND**

Plaintiff Robert Solomon was an employee of defendant Office of the Architect of the Capitol ("AOC") from July 1986 until his termination on December 29, 2003. (Compl. ¶¶ 6, 48.) Plaintiff worked in the capacity of "R-W-5 Grill Cook" at the Baby Gourmet snack bar, a part of the United States Senate Restaurants. (*Id.* ¶ 7.) The AOC terminated plaintiff following a series of events that began with his absence from work on June 9, 10, and 11th, 2003. (*Id.* ¶ 23.) Plaintiff asserts that he provided his employer with proper documentation from a physician indicating that he was unable to work on these three days. (*Id.* ¶ 26; Sick Certificate, Ex. 3 to Opp.) Plaintiff was advised by his first line supervisor, defendant Robert Savidge, that additional documentation of his medical diagnosis would be required. (*See* Compl. ¶¶ 30–31.)

Plaintiff "vigorously protested" this request and was placed on "away without leave" status for the three days in question. (*Id.* ¶¶ 33–34.) Eventually this dispute led to plaintiff's placement on administrative leave pending investigation of an incident between plaintiff and Mr. Savidge that occurred on June 16, 2003. (*Id.* ¶ 35; *see* Ltr. from Tiscione to Solomon (June 16, 2003), Ex. 6 to Opp.) On August 6, 2003, Mr. Savidge proposed to terminate plaintiff for "hostile and threatening behavior in the workplace" in violation of the AOC's Standards of Conduct. (*See* Compl. ¶ 38; Ltr. from Savidge to Solomon (Aug. 6, 2003), Ex. 8 to Opp.) Plaintiff responded to the termination proposal on August 20, 2003 by letter to director of food services, defendant Michael Marinaccio. (*See* Compl. ¶ 39; Ltr. from Solomon to Marinaccio (Aug. 20, 2003), Ex. 9 to Opp.) Mr. Marinaccio concurred with the proposal to terminate plaintiff's employment, and plaintiff then requested an administrative hearing before a hearing officer. (*See* Compl. ¶¶ 40–41; Ltr. from Marinaccio to Solomon (Sept. 15, 2003), Ex. 10 to Opp.) Subsequent to an administrative hearing, plaintiff was terminated by letter from the AOC's chief operating officer, defendant Richard McSeveney. (*See* Compl. ¶ 48.)

In addition to the Office of the AOC, plaintiff brings this suit against seven present and former Office of the AOC personnel—including Architect of the Capitol Alan Hantman—who plaintiff contends were responsible for his unlawful termination. (Compl. ¶¶ 5, 8–14.) Specifically, plaintiff asserts constitutional violations arising from his inability to receive the hearing officer's report, which was only provided to the Architect. (*See* Opp. at 34.)

II.    ANALYSIS

    A.    **Rule 12(b)(6) Motion to Dismiss Standard**

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276.

Generally, when a court relies upon matters outside the pleadings, a motion to dismiss must be treated as one for summary judgment and disposed of pursuant to Rule 56. *See* FED. R. CIV. P. 12(d). "However, where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). Here, documents from the AOC's Personnel Manual, letters, and other materials attached to the parties' briefs, fall under this exception, and the Court will consider them without converting defendants' motion to one for summary judgment. *See id.*

**B.     Fifth Amendment Due Process Claim**

    **1.     Due Process Requirements**

The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. V. In order to establish a Fifth Amendment deprivation of property claim based on termination from employment, a plaintiff must make two showings. First, a plaintiff must demonstrate that he has a "property interest in continued employment." *Orange v. District of Columbia*, 59 F.3d 1267, 1274 (D.C. Cir. 1995) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). The Supreme Court has held that property interests "'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Second, a plaintiff must demonstrate that he was deprived of the process he was due. *Id.* at 1273–74 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). An essential component of this second prong is that a deprivation "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ.*, 470 U.S. at 542 (citations omitted). "This principle requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Id.* (citations omitted). The opportunity for hearing must offer an "opportunity to present reasons, either in person or in writing, why the proposed action should not be taken . . . ." *Id.* at 546 (citations omitted).

###    2.    Plaintiff Fails to State a Due Process Claim

For the reasons set out below, the Court finds that plaintiff has failed to state a claim that he was denied due process of law. Thus, plaintiff's due process claim[1] will be dismissed.

The Court need not determine whether plaintiff had a protected property interest in his continued AOC employment because plaintiff has not sufficiently plead facts that would satisfy the second requirement of due process—that the was deprived of the process he was due under the Fifth Amendment.[2]

Plaintiff concedes that he did not lack notice or a hearing in which he could contest the proposal to terminate his employment. (*See* Opp. at 13.) Instead, plaintiff claims that defendants violated his Fifth Amendment Due Process rights because the hearing officer produced a report

---

[1] Although the motion to dismiss, opposition brief, and reply—and consequently this Opinion—focus on the issue of procedural due process, plaintiff's complaint also states that his substantive due process rights were violated. (*See* Compl. ¶ 56.) However, when viewing facts in a light most favorable to plaintiff, the Court finds that he has failed to offer facts that would constitute a substantive due process violation. Substantive due process would require this Court to examine plaintiff's claims using the standard of strict scrutiny if a fundamental right were at issue. *See Am. Fed'n of Gov't Employees (AFL-CIO) v. United States*, 330 F.3d 513, 523 (D.C. Cir. 2003). However, the Supreme Court has held "that 'there is no fundamental right to government employment.'" *See id.* (quoting *United Bldg. & Constr. Trades Council v. Mayor & Council of Camden*, 465 U.S. 208, 219 (1984)). In the absence of a strict scrutiny standard of review, this Court finds that plaintiff has not made an allegation of conduct that would support a substantive due process claim—that is conduct "so egregious, so outrageous, that it may fairly be said to shock the conscience." *Butera v. District of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

[2] Courts in this District have not unanimously found that AOC employees have a protected property interest in continued employment. *Compare Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) (finding a protected property interest), *with Commeree v. Hantman*, No. 97-cv-0242, 1999 WL 1611325, at *5 (D.D.C. Oct. 28, 1999), *aff'd*, 25 F. App'x 1 (D.C. Cir. 2001) (holding that AOC employees may be dismissed "without cause, prior notice, a termination hearing or an opportunity to appeal").

that was not provided to plaintiff. However, due process does not require that a hearing officer's report be made available to an employee; plaintiff was entitled to, and received, notice and an opportunity to be heard. *See Toms v. Hantman*, No. 05-cv-1981, slip op. at (D.D.C. Feb. 15, 2007) (citing *Cleveland Bd. of Educ.*, 470 U.S. at 546) (holding that due process does not demand that plaintiff in an AOC employment dispute receive a hearing officer's report); *see also Logan*, 455 U.S. at 434 (finding that notice and "some form of hearing" are all that due process requires). Thus, plaintiff's due process claim must be dismissed.

      C.    *Accardi* **Doctrine Does Not Entitle Plaintiff to Relief**

Under the *Accardi* doctrine, "an agency must comply with its own regulations in effecting the removal of one of its employees." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 106 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) (citing *Holden v. Finch*, 446 F.2d 1311, 1315 (D.C. Cir. 1971)). "However, even where a procedural error has occurred, courts will not void the result of the proceeding if the error was harmless (or equivalently, 'non-prejudicial')." *Id.* (citing *Mazaleski v. Treusdell*, 562 F.2d 701, 719 (D.C. Cir. 1977)).

Here, plaintiff asserts that failure to provide the Hearing Officer's decision was contrary to AOC policy and affected his rights so fundamentally as to void his termination. However, even assuming that the provisions of the OAC's Personnel Manual are enforceable under the *Accardi* doctrine, plaintiff has not demonstrated that any procedural error occurred. The Personnel Manual explicitly sets out the duties of hearing officers and states that: "The Hearing Officer shall . . . [p]rovide a finding(s) and recommendation(s) to the Architect based on the information available to him through his review of the case file and the information presented at the formal Hearing, if one is requested by the employee." (AOC Personnel Manual ch. 752, Ex.

1 to Opp. at App. C.2.4.)  This Personnel Manual, the same manual upon which plaintiff relies, makes no mention of a requirement that a hearing officer's report be made available to employees.  Indeed, it specifically indicates hat the report is "provided to the Architect."  Consistent with the Personnel Manual's statement, the AOC's "Administrative Hearings:  A Guide for AOC Employees"[3] explicitly states that the hearing officer's report "is solely for the use of the Architect of the Capitol and is not available for disclosure."  (Guide for AOC Employees (March 2000), Ex. 11 to Opp. at 10.)  Further, both the Personnel Manual and the AOC Guide's indications that employees are not entitled to hearing officer reports are consistent with Congress' requirement that the AOC create a "personnel management system" that includes "[a] fair and equitable system to address unacceptable conduct and performance by Architect of the Capitol employees, including a general statement of violations, sanctions, and procedures which shall be made known to all employees, and a formal grievance procedure."  2 U.S.C. § 1831(c)(2)(F).  Plaintiff has not sufficiently plead that AOC regulations or policy entitles employees to receive hearing officer reports; rather, plaintiff's own exhibits clearly establish that a hearing officer's report is for the use of the Architect in making a final termination decision.

      **D.**      <u>**Defendants Named in Personal Capacity Are Entitled to Qualified Immunity**</u>

Government officials sued in their personal capacities retain the shield of qualified immunity to the extent that, in the performance of discretionary functions, "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

---

[3] Plaintiff refers to this guide as an "unauthorized 'booklet' of unknown provenance and unidentified origin."  (Opp. at 34.)  Although not essential to this Court's decision, the Court finds plaintiff's contention implausible.  Additionally, contrary to plaintiff's argument, the relevant portions of the guide are consistent with chapter 752 of the AOC Personnel Manual.

would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). When analyzing a plaintiff's personal liability claim against a government official, courts engage in a two-step analysis. First, a Court determines "whether the plaintiff has alleged the deprivation of an actual constitutional right at all." *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C. Cir. 2001) (citations omitted). Second, a Court would inquire whether the right was "clearly established" and whether a reasonable person would have known of the rights. *Id.*

In this case, the Court need look no further than the first-step of qualified immunity analysis. As stated in section II.B.2 of this Opinion, plaintiff has failed to state a claim that his Fifth Amendment Due Process rights were violated. Thus, plaintiff has failed to state a claim against the government officials in their personal capacity.

### III.    CONCLUSION

For the reasons set forth above, plaintiff has failed to state a claim upon which relief can be granted. Thus, the Court will GRANT defendants' motion to dismiss.

A separate order shall issue this date.


Signed by United States District Judge Royce C. Lamberth, March 26, 2008.